NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, Appellee,

*v.*

COURTNEY KANWEI MATZKANIN, Appellant.

No. 1 CA-CR 14-0025
FILED 07-08-2014

---

Appeal from the Superior Court in Coconino County
No. SO300CR20071005
The Honorable Jacqueline Hatch, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Flagstaff
By Brad Bransky
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Maurice Portley and Judge Andrew W. Gould joined.

**W I N T H R O P**, Presiding Judge:

**¶1** Courtney Kanwei Matzkanin ("Appellant") appeals the trial court's finding of a probation violation and his resulting sentence. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that he has searched the record on appeal and formed the opinion that no viable appeal issues exist. Appellant's counsel nevertheless requests that we consider this appeal. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999) (stating that this court reviews the entire record for reversible error). In addition, this court has allowed Appellant to file a supplemental brief *in propria persona*, but he has not done so.

**¶2** We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (West 2014),[1] 13-4031, and 13-4033(A). Finding no reversible error, we affirm.

### FACTS AND PROCEDURAL HISTORY[2]

**¶3** In April 2010, Appellant pled no contest to the crime of aggravated assault-DV, a class three felony, in violation of A.R.S. §§ 13-1204(A)(2) and 13-3601. The trial court found him guilty as charged, suspended sentencing, and placed him on intensive probation for five

---

[1] We cite the current Westlaw version of the applicable statutes because no revisions material to this decision have since occurred.

[2] We review the facts in the light most favorable to sustaining the revocation of probation and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

years, with the term of probation to begin after his release from prison on other matters.

¶4          Appellant's probation began on July 11, 2013.  As required by the terms of his probation, Appellant was obligated to abide by numerous conditions, and he was advised that if he violated any of these conditions, a revocation petition could be filed and the trial court could impose a prison sentence.

¶5          In September 2013, Appellant's probation officer filed a petition to revoke Appellant's probation, alleging he violated four conditions of his probation:  Condition 1, that Appellant maintain a crime-free lifestyle by obeying all laws; Condition 11 (Uniform Condition 10), that Appellant participate in and cooperate with any program of counseling or assistance as directed; Condition 12 (Uniform Conditions 7 and 9), that Appellant not possess or use illegal drugs or controlled substances, and submit to drug and alcohol testing as directed; and Condition 21.2 (Uniform Condition 25 and Intensive Condition 2), that Appellant perform not less than 40 hours of community service each month.[3]

¶6          In support of the petition, the State presented testimony from Appellant's probation officer, as well as the following evidence:  As to Condition 11, the State presented a notification of non-compliance from Appellant's counseling center, indicating Appellant failed to attend mandatory domestic violence counseling on at least two occasions.  As to Condition 12, the State offered records indicating Appellant failed to report for random urinalysis testing as directed on three occasions.  As to Condition 21.2, the State introduced a letter from the Community Service Coordinator, Adult Probation, stating Appellant failed to complete his mandatory community service hours for the months of August and September.  The trial court found by a preponderance of the evidence that

---

[3]          Appellant did not challenge the apparent discrepancy in the numbering of the probation conditions in the trial court, and has not raised an issue with regard to their numbering on appeal.  The record makes clear, however, that Appellant was made fully aware of the violations the State was alleging he had committed.

Appellant had violated all but the first of the conditions alleged by the State.[4]

**¶7**       After finding Appellant in violation of his intensive probation, the trial court revoked his probation and sentenced him to a presumptive term of three and one half years' incarceration in the Arizona Department of Corrections ("ADOC"). Appellant received 254 days of pre-sentence incarceration credit.[5]   Appellant filed a timely notice of appeal.

## ANALYSIS

**¶8**       We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96. The evidence in support of the court's finding of Appellant's probation violations was substantial and supports the court's judgment and orders. Appellant was represented by counsel at critical stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶9**       After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

---

[4]       The State chose not to pursue the alleged violation of Condition 1.

[5]       After Appellant filed his notice of appeal, but before Appellant filed his opening brief, the trial court issued a minute entry, dated March 4, 2014, modifying Appellant's pre-sentence incarceration credit to reflect an additional 269 days, bringing Appellant's total pre-sentence incarceration credit to 523 days. The trial court's March 4 minute entry was not included in the record on appeal, and we make no comment on the propriety of that minute entry.

**CONCLUSION**

**¶10**        We affirm the trial court's finding that Appellant violated the conditions of his probation and the court's decision to revoke Appellant's probation and sentence him to incarceration in ADOC.



Ruth A. Willingham · Clerk of the Court
FILED: gsh